The plaintiff, John Doe, appeals from a Superior Court judgment affirming Doe's classification as a level three sex offender by the Sex Offender Registry Board (SORB). We affirm.
Background. On January 28, 2015, Doe pleaded guilty to one count of rape. Doe's victim and her friend spent the evening at a bar and then took separate cars back to the victim's apartment. On the way back, the friend picked up Doe. The friend and Doe were meant to sleep in the victim's guest bedroom, and Doe had met the victim four or five times before. Back at the apartment, the three of them spent time drinking together until the victim went to bed. When the victim was asleep, however, Doe entered her bedroom and climbed on top of her, waking her up. Doe removed her clothes and penetrated her with his penis and fingers. Despite the victim's attempts to resist, including repeatedly pleading "no," the rape lasted twenty to twenty-five minutes. When the friend later confronted Doe about the attack, he told her "that he was too drunk and didn't remember" the encounter. For his crime, Doe was sentenced to three years to three years and one day of incarceration.
In July, 2015, SORB recommended that Doe receive a level three sex offender status, and a classification hearing was held before a hearing examiner (examiner) on June 14, 2016. No expert witness was presented, but Doe submitted three scientific articles regarding the recidivism of sexual offenders. The examiner released a detailed written decision determining that Doe be classified as a level three sex offender.
The examiner found that Doe's offense triggered five high-risk factors under 803 Code Mass. Regs. § 1.33 (2016). He gave "full" weight to Factor 7 (Relationship between the Offender and Victim) because Doe's relationship to the victim, as a "friend, co-worker, or acquaintance" was extrafamilial. 803 Code Mass. Regs. § 1.33(7)(a)(2). He gave "aggravating" weight to Factor 9 (Alcohol and Substance Abuse) because alcohol had played a role in the governing sex offense and a number of his prior offenses, and there was no record of Doe seeking help for, or even acknowledging, substance abuse issues. Because the victim was asleep when the attack began, the examiner applied Factor 18 (Extravulnerable Victim). He also applied Factor 19 (Level of Physical Contact), giving it "full" weight, due to the high degree of force applied during the assault.
The examiner also applied another five high-risk factors related to Doe's background. He applied "increased aggravating" weight for Factor 10 (Contact with Criminal Justice System) due to Doe's extensive criminal history, including acts of violence and crimes toward women. Factor 11 (Violence Unrelated to Sexual Assaults) was applied because Doe had been previously convicted of assault and battery by means of a dangerous weapon along with other nolle prossed or dismissed charges. The examiner applied "some aggravating" weight to Factor 12 (Behavior While Incarcerated or Civilly Committed) because of behavioral incidents while incarcerated, including threats toward a female officer, and applied "some aggravating" weight to Factor 13 (Non-Compliance with Community Supervision) for a prior probation violation. The examiner applied Factor 15 (Hostility Towards Women) because Doe's history includes four previous restraining orders taken out against him by three different women. Finally, the examiner applied "some aggravating" weight to Factor 24 (Less than Satisfactory Participation in Sex Offender Treatment) because Doe was found to express an interest in treatment only three months prior to his release.[2]
The examiner also considered two mitigating factors. Because Doe was only forty-three years old, and SORB must consider age as a significant mitigating factor when the offender reaches fifty, he applied "minimal" weight to Factor 30 (Advanced Age). Doe also submitted a number of articles that addressed "general sex offender recidivism" and the personal ramifications of registering as a sex offender. The examiner "did not give these much weight" under Factor 37 (Other Information Related to the Nature of the Sexual Behavior) because SORB's new regulatory factors already incorporated similar research.
Doe appealed the decision to the Superior Court, which affirmed Doe's classification in October, 2017. Doe timely appealed to this court. He raises three arguments: (1) that the examiner misapplied several risk-aggravating factors; (2) that the examiner's decision was not based on substantial evidence because the classification relied on "outdated and stale" information, and (3) that the examiner failed to explain why Doe's risk of reoffense was considered to be "high" and simply added the risk-mitigating and risk-increasing factors together.[3]
Discussion. When reviewing an examiner's classification, we "must determine whether the decision is supported by substantial evidence" that the examiner found clear and convincing.[4] Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006). Substantial evidence is any evidence "as a reasonable mind might accept as adequate to support a conclusion." Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 632 (2011), quoting G. L. c. 30A, § 1 (6). "In reviewing the agency's decision, the court 'shall give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.' " Doe, Sex Offender Registry Bd. No. 10216., 447 Mass. at 787, quoting G. L. c. 30A, § 14 (7).
Here, the result reached by the examiner was supported by clear and convincing evidence. Doe points out that the examiner did not apply any of the statutory high-risk factors, but that has no bearing on our analysis and overlooks the ten risk-elevating factors the examiner did apply. See Doe, Sex Offender Registry Bd. No. 10216, 447 Mass. at 788 ("Neither the statute nor the regulations specify that the inapplicability of a certain factor weighs in favor of an offender"); 803 Code Mass. Regs. 1.33 ("The absence of Factors 1 through 6 does not reduce an offender's risk of reoffense or lower his degree of dangerousness"). Likewise, we are unpersuaded by Doe's contention that the classification was based on stale or outdated evidence. The police report for Doe's governing sex offense was filed a mere three years prior to the date of the hearing, and the examiner reasonably found that Doe's pattern of lawlessness had been intensifying. Doe had been convicted of ten separate crimes in sixteen years, including a violation of an abuse prevention order in 2012 and an intimidation charge in 2014.
Finally, the examiner did not, as Doe asserts, simply add up the applicable risk-elevating factors and compare those against the mitigating factors. His review was not cursory. He thoroughly discussed the factors, and the weight assigned to each factor was reasonable and supported by facts in the record. While summarizing his findings and explaining his classification decision, the examiner emphasized the dangerousness of Doe's sexual attack, including the fact that Doe "thrust his penis harder inside of her each time she begged him to stop, causing the Victim pain in her vaginal area the following day." He also highlighted Doe's history with the criminal system, which indicated "a predisposition for violence and a complete disregard for the law." He noted that his crimes had worsened since 2009, including his increased hostility toward women. The examiner also reasonably found Doe's lack of community supervision and lack of an alcohol treatment plan upon release to be troubling. In sum, the examiner's decision to classify Doe as a level three sex offender was within the bounds of his discretion.
Judgment affirmed.

Through a letter submitted to the court pursuant to Mass. R. A. P. 16 (l), as amended, 386 Mass. 1247 (1982), and at oral argument, Doe claimed that the examiner made a factual error regarding his consideration of this factor. The error, however, is harmless against the balance of the remaining evidence. Doe, Sex Offender Registry Bd. No. 1211 v. Sex Offender Registry Bd., 447 Mass. 750, 765 n.12 (2006). We also note that rule 16(l) is intended to provide the court with supplemental citations of authority only.

Doe also argues in his brief that the examiner's application of certain factors was arbitrary and capricious. However, because Doe failed to raise that argument in the Superior Court, it is waived and we need not address it. See Smith v. Sex Offender Registry Bd., 65 Mass. App. Ct. 803, 810 (2006).

A hearing examiner must substantiate his or her classification determination by clear and convincing evidence. Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 298 (2015).